Robert J. THIEL; Joyce K. Thiel, Plaintiffs—Appellants,

v.

Mark BUCHMAN; et al., in their individual capacities, Defendants—Appellees,

No. 04–57165.

D.C. No. CV–04–07977–R.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Robert J. Thiel, Arroyo Grande, CA, pro se.

Joyce K. Thiel, Arroyo Grande, CA, pro se.

Girard Fisher, Daniel P. Barer, Pollak, Vida & Fisher, Los Angeles, CA, for Defendants–Appellees.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Robert J. Thiel and his wife Joyce K. Thiel, appeal pro se the district court's judgment dismissing their 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. The Thiels sought damages and a temporary and permanent injunction following allegations that various individuals employed by the San Luis Obispo Office of Education, the Lucia Mar Unified School District, and the California Department of Education, denied their disabled son a free appropriate public education in violation of the Individuals with Disabilities in Education Act ("IDEA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. Whether exhaustion is required under the IDEA is a question of law that we review de novo. *Witte v. Clark County Sch. Dist.,* 197 F.3d 1271, 1274 (9th Cir. 1999). We affirm.

The district court properly dismissed appellants' action for failing to exhaust administrative remedies because the record reflects that they made, and then withdrew, their request for an administrative due process hearing. *See Robb v. Bethel School Dist. # 403,* 308 F.3d 1047, 1049–50 (9th Cir.2002) (affirming dismissal of section 1983 action predicated on a violation of IDEA where plaintiff failed to exhaust administrative remedies).

We find unpersuasive appellants' contention that exhausting administrative remedies is not required when suing state officials in their individual capacities, because the IDEA categorically requires exhaustion before commencing a federal action. *See* 20 U.S.C. § 1415(1).

We find unpersuasive appellants' contention that exhaustion was unnecessary because their constitutional claims could not be properly adjudicated in an administrative hearing, because the parties' disagreement over the propriety of "masking" ther-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

apy possibly could have been redressed during the administrative process. *See Robb,* 308 F.3d at 1050 (requiring exhaustion when "the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies").

Appellants' remaining contentions lack merit.

We grant appellees' motion to strike the three documents included in appellants' excerpts of record that were not admitted before the district court. *See Lowry v. Barnhart,* 329 F.3d 1019, 1024–25 (9th Cir. 2003).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.